IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| INDEL FOOD PRODUCTS INC. <br> **Plaintiff** <br><br> v. <br><br> DODSON INTERNATIONAL PARTS, INC. <br> **Defendant** | § <br> § <br> §  CIVIL ACTION NO.: <br> § <br> §  3:20-cv-00098 <br> § <br> § <br> § <br> § <br> § |

## DEFENDANT'S NOTICE OF FEDERAL COURT REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, Defendant Dodson International Parts, Inc., ("Defendant" or "Dodson"), through counsel, files its Notice of Removal, and removes the action styled *Indel Food Products Inc. v. Dodson International Parts, Inc.*, Cause No. 2020DCV0645 from 327th District Court of El Paso County, Texas to this Court because diversity exists between Plaintiff Indel Food Products Inc. ("Plaintiff") and Defendant, and the alleged amount in controversy exceeds $75,000. In support of this removal, Defendant states the following:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1. On February 20, 2020, Plaintiff filed its Original Petition and Request for Disclosure ("Petition") against Defendant styled *Indel Food Products Inc. v. Dodson International Parts, Inc.*, Cause No. 2020DCV0645 from 327th District Court of El Paso County, Texas (the "State Court Action"). Exhibit A – Plaintiffs' Original Petition and Request for Disclosure.

2. On February 27, 2020, the District Clerk mailed a copy of the citation and Petition via certified mail to, "Dodson International Parts, Inc., Attn: Robert L. Dodson 2971 Hawthorne Drive, Suite 216, Conroe, TX 77303."

3.  However, while the District Clerk did send the citation and Petition via certified mail, return receipt requested, the citation and Petition were simply delivered to receptionist Erica Haydon, who sat at the front of the building in which Defendant rents an office, on March 9. 2020. Receptionists at the front of the building have never been employed by Defendant. Therefore, service was not proper under the Texas Rule of Civil Procedure 107, Texas Business Organizations Code sections 5.201 and 5.255(1), and Texas Practice and Remedies Code sections 17.041 through 17.045.

4.  Defendant was never served with citation or Plaintiff's Original Petition. The only reason Defendant knows of the State Court Action is because another receptionist, who had returned from a week long vacation, called Defendant's CEO to let him know Defendant received mail from a court. Defendant did not learn of the State Court Action until March 16, 2020, when the second receptionist found mail to Defendant. The second receptionist sent the mail to Defendant via Overnight Priority UPS shipping and Defendant received the Petition and citation on March 17, 2020. While Defendant has not been properly served with process in the State Court Action, Defendant has chosen to appear to remove the State Court Action to this Court.

5.  Because Defendant was never properly served with process in this matter, the thirty-day period to remove to federal court has not begun. As a result, this Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b).

## II.
## JURISDICTION AND GROUNDS FOR REMOVAL

6.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. The State Court Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a), because there is complete diversity between the parties and Plaintiff claims damages in excess of $75,000, exclusive of interest and costs. The domicile of a corporation is determined by the place of incorporation and location of its principal place of business. *See* 28 U.S.C. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where is has its principal place of business. . . .").

8. As pled in Plaintiff's Original Petition, Defendant is a Kansas corporation. *See* Plaintiff's Petition, ¶ 3. Indel Food Products Inc. is a Texas corporation with its principal place of business in El Paso, Texas. *See Id* at ¶ 2. Additionally, Plaintiff's claims allege Defendant failed to perform on an $80,000 contract. *Id* at ¶¶ 6-12. Therefore, complete diversity exists between Plaintiff and Defendant, and the amount of alleged damages well exceeds $75,000.

9. Accordingly, this honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As such, Defendant respectfully requests removal of Plaintiff's suit to this Court pursuant to 28 U.S.C. § 1441(b).

### III.
### VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), this Court has venue because this district and division embraces the place where the state action was pending.

### IV.
### REMOVAL PROCEDURAL REQUIREMENTS

11. Below please find all the documents that Defendant pulled from the El Paso County Court Records regarding the State Court Action:

|  |  |  |
|---|---|---|
| Exhibit A: | Original Petition and Request for Disclosure; |
| Exhibit B: | Citation dated February 26, 2020 to Dodson International Parts, Inc., ATTN: Robert L. Dodson; |
| Exhibit C: | Certified Mail Return Receipt dated March 9, 2020, signed by Erica Haydon; |
| Exhibit D: | UPS/FedEx envelope indicating date of delivery from building landlord to Defendant; and |
| Exhibit E: | Defendant's Original Answer |
| Exhibit F: | Docket sheet from the 327th Judicial District Court |
| Exhibit G: | Notice of Removal – State Court |

12. Since Defendant was never served with the State Court Action and has known of the State Court Action for less than thirty (30) days, the Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b).

13. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, together with a copy of the Notice of Removal and supporting papers. Pursuant to 28 U.S.C. § 1446(d), the same has been or will be filed with the 327th District Court, El Paso County, Texas, in the State Court Action. Exhibit H – Notice of Removal. Under Local Rule 3(a), Defendant has also provided the:

|  |  |
|---|---|
| Exhibit H: | Civil Cover Sheet; and |
| Exhibit I: | Supplemental Civil Cover Sheet. |

14. Defendant submits this Notice of Removal subject to and without waiver of any of its claims, defenses, rights, or remedies in this action, all of which are expressly reserved, and without admitting any of Plaintiff's claims or that they are entitled to any damages or other relief in this case.

## V.
## JURY DEMAND

15. Defendant hereby requests a jury on all claims and causes of action.

## VI.
## CONCLUSION

16. Under Federal Law, Defendant Dodson International Parts, Inc. removes this action from the 327th District Court of El Paso County, Texas to this Court.

Respectfully submitted,

*/s/ Kristin Newman*
**Geffrey W. Anderson**
State Bar No. 00786980
ganderson@andersonriddle.com
**Kristin Newman**
State Bar No. 24102279
knewman@andersonriddle.com
ANDERSON & RIDDLE, L.L.P.
1604 8th Avenue
Fort Worth, Texas 76104
O: (817) 334-0059 / F: (817) 334-0425

**COUNSEL FOR DEFENDANT DODSON INTERNATIONAL PARTS, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 9, 2020, a true and correct copy of the foregoing Notice of Filing Notice of Removal was served upon all counsel or parties of record via e-mail and U.S. Mail, as follows:

*<u>Via Email</u>*
Brock Benjamin
Benjamin Law Firm
1600 Kansas
El Paso, Texas 79902
Tel: (915) 412-5858
Fax: (915) 503-2224
Tex. Bar No. 24048167
Email: brock@brockmorganbenjamin.com
**ATTORNEY FOR PLAINTIFF**

                                                            /s/ *Kristin Newman*