# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **INDEL FOOD PRODUCTS, INC.,** § <br> *Plaintiff* § <br> § <br> **v.** § <br> § <br> **DODSON INTERNATIONAL PARTS,** § <br> **INC.** § <br> *Defendant* § | **CIVIL ACTION NO. EP-20-CV-00098-KC** |

## DEFENDANT DODSON INTERNATIONAL PARTS, INC'S
## ORIGINAL COUNTERCLAIM

Defendant Dodson International Parts, Inc, ("Defendant" or "Dodson") by and through its undersigned counsel, hereby files its Original Counterclaim ("Counterclaim"), complaining of Indel Food Products, Inc. ("Plaintiff" or "Indel") and for cause of action would show the Court the following:

## A.
## PARTIES

1.   Indel Food Products, Inc. is a Texas corporation and with its principal place of business located at 9515 Plaza Circle, El Paso, Texas 79927. Indel has already appeared in this lawsuit by filing its Original Petition and Notice of Appearance. Indel may be served through its attorney Brock Benjamin, pursuant to Federal Rule of Civil Procedure 5.

2.   Dodson is a foreign corporation, organized under the laws of the State of Kansas, with its principal place of business located at 2155 Vermont Road, Rantoul, Kansas 66079.

## B.
## JURISDICTION

3.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, insofar as complete diversity exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

## C.
## VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because this district and division embraces the place where Plaintiff's state court action was pending.

## D.
## CONDITIONS PRECEDENT

5.      All conditions precedent to Dodson's recovery herein, including damages and attorneys' fees, have been incurred or have been performed.

## E.
## BACKGROUND FACTS

6.      Dodson buys and sells aircraft and aircraft parts. On April 8, 2019, Indel's brokerage agent, Josh Jordan, contacted Dodson to inquire whether Dodson would be interested in buying a damaged 2008 Piper PA-46-350P, serial number 4636445, registration number N747DA, (the "Piper") that Indel was selling. On April 15, 2019, Dodson provided an offer subject to inspection of the Piper and the accompanying logbooks. Then, Dodson and Indel's agent began a two-month-long negotiation period.

7.      On June 13, 2019, Indel, through its agent, accepted Dodson's offer to buy the Piper as long as the parties could close within the next 30 days. On June 26, 2019, the Aircraft Purchase Agreement (the "Contract") was drafted. On June 27, 2019, Dodson signed the Contract. On July 1, 2019, Indel signed the Contract and Indel's agent forwarded the fully executed Contract to Dodson. Dodson immediately put $8,000 in escrow, as required by the Contract.

8.      The Contract states that Indel agreed to sell the following: (1) the Piper; (2) the accompanying Lycoming TIO-540-AE2A engine; and (3) "all known logbooks, maintenance records, and components as installed on the Airframe and Engines" (collectively referred to as the "Aircraft"). Paragraph 1 of the Contract stated:

> "An Inspection of the AIRCRAFT must begin within TWELVE (12) business days of the execution of this AGREEMENT by both [Dodson] and [Indel]. This Inspection shall consist of logbook review and visual inspection of AIRCRAFT. This Inspection shall not exceed TWO (2) business days once started and shall take place where the AIRCRAFT is currently located in El Paso, Texas."

Paragraph 5 of the Contract provides, in pertinent part: "PURCHASER shall either accept or reject the AIRCRAFT in writing within FOUR (4) business days of the completion of the Inspection of AIRCRAFT." Accordingly, Dodson's inspection of the Aircraft, including the logbooks, was to take place on or before July 17, 2019.

9.  Due to scheduling conflicts, the parties agreed the inspection would take place on July 22, 2019. On the day of the scheduled inspection, Dodson visually inspected the plane, but Indel did not provide the logbooks and maintenance records for inspection. Dodson informed Indel's agent that Dodson would need to view a full copy of those records before they could accept the Aircraft.

10. On July 24, 2019, Dodson informed Indel's agent that Dodson was accepting the Aircraft based on the physical inspection, but Dodson still wanted the logbooks and maintenance records. Neither Indel nor Indel's agent responded to Dodson regarding the location of the logbooks and maintenance records. After several failed attempts at contacting Indel or Indel's agent, on August 1, 2019, Indel's agent contacted Dodson to inform Dodson that Indel no longer wanted to sell the Aircraft to Dodson. To date, Indel has not provided any records as required under the Contract and the Aircraft sits exposed to the elements, progressively losing its value.

## F. CAUSES OF ACTION

**A. Breach of Contract**

11. Dodson incorporates by reference all allegations set forth in paragraphs 1 through 10 as though fully set forth herein.

12. The Contract is a valid, binding, and enforceable contract. Dodson has been ready, willing, and able to perform under the Contract and has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Contract.

13. Indel has breached its obligations under the Contract by failing to provide all logbooks and maintenance records for the Aircraft. As a proximate result thereof, Dodson has been damaged in an amount for which they hereby sue.

**B. Violations of the Deceptive Trade Practices Act**

14. Dodson incorporates by reference the allegations set forth in paragraphs 1 through 13 as though fully set forth herein.

15. In addition to the other causes of action set forth herein, Dodson alleges that Indel's course of conduct violates the Deceptive Trade Practices Act ("DTPA"). Dodson is a consumer as defined by the DTPA because it has assets of less than $25 million and are not controlled by any corporation or entity with assets which equal or exceed $25 million. Indel's false and misleading representations and deceptive business practices, as described above, were made in connection with Dodson's purchase of the Aircraft.

16. Indel engaged in an "unconscionable action or course of action" to the detriment of Dodson as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Dodson to a grossly unfair degree.

17. Indel's actions described herein are in violation of the Texas DTPA. Indel has knowingly and/or intentionally engaged in an unconscionable course of action by:

    a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they did not have;

    c. Representing that goods or services are of a particular standard, quality, or grade, when they were of another;

    d. Advertising goods or services with intent not to sell them as advertised;

    e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve; and

    f. Acting in an unconscionable manner.

18. As a producing cause of Indel's false, misleading, or deceptive acts or practices, Dodson sustained damages, more fully described below. Dodson relied upon Indel's acts, practices, and/or omissions to Dodson's detriment. Indel's violations of the Texas DTPA were committed knowingly and with actual awareness of the falsity, deception, or unfairness of the act or practice. As a result of Indel's knowing violation of the DTPA, Dodson seeks an award of up to three times the amount of economic damages it has suffered in this matter.

**C. In the Alternative, Specific Performance**

19. Dodson incorporates by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20. Dodson and Indel entered into a valid and enforceable contract. The Contract obligated Indel to convey the Aircraft and accompanying logbooks and maintenance records to Dodson after Dodson inspected the Aircraft, logbooks, and maintenance records.

21. Dodson has performed all obligations required of it under the Contract. Every condition precedent, which was required of Dodson, to the conveyance of the Aircraft, logbooks, and maintenance records has been fulfilled. To the extent any obligations or any condition precedent

required of Dodson remains unfulfilled, Dodson has been unable to fulfill that obligation or condition by the acts or omissions of Indel.

22. Indel continues to possess the Aircraft, logbooks, and maintenance records and have the ability to convey those to Dodson. Dodson remains ready, willing, and able to perform any and all acts necessary for conveyance of the Aircraft, logbooks, and maintenance records. Indel is in default of its obligations under the Contract.

23. In the event, this Court finds monetary damages are an inadequate or inappropriate remedy, Dodson requests this Court compel Indel to specifically perform its obligations under the Contract and convey the Aircraft and accompanying documents to Dodson.

## G.
## DAMAGES

24. Indel's actions caused Dodson damages in excess of $200,000, as well as the highest interest available by law, and attorneys' fees under Texas Civil Practice and Remedies Code § 38.001.

25. Indel acted with malice in knowingly misleading Dodson by representing the Contract conferred obligations, which Indel had no intention of fulfilling by continually refusing to provide the logbooks and maintenance records, and advertising the Aircraft for sale with no intention of conveying all accompanying property. Furthermore, Indel acted with malice in filing a lawsuit instead of simply fulfilling its obligations under the Contract. Thus, Indel is liable to Dodson for exemplary damages.

26. Should this Court find monetary damages are not an adequate remedy, Dodson requests this Court requires Indel to specifically perform its obligations under the Contract and convey the Aircraft, engine, component parts, and accompanying documents to Dodson.

27. Dodson is seeking, and is entitled to, attorneys' fees under all applicable statutes and causes of action, including Texas Civil Practice and Remedies Code § 38.001 and Texas Business and Commerce Code § 17.50, for which Dodson hereby sues.

## H.
## JURY DEMAND

28. Dodson respectfully requests that a jury be convened to try the factual issues of this case.

## PRAYER

29. **WHEREFORE**, Dodson respectfully prays that this Court grant it judgment against Indel for the damages described herein, plus all costs of court, prejudgment interest in the maximum legal rate, post judgment interest at the maximum legal rate, and all other relief, both general and special at law or in equity, to which Dodson is justly entitled under the facts and circumstances of this case.

ANDERSON & RIDDLE, LLP

*/s/ Kristin Newman*
Geffrey W. Anderson
SBN: 00786980
Kristin Newman
SBN: 24102279
1604 8th Avenue
Fort Worth, Texas 76104
(817) 334-0059
(817) 334-0425 Fax
ganderson@andersonriddle.com
knewman@andersonriddle.com

**ATTORNEYS FOR DEFENDANT DODSON INTERNATIONAL PARTS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document shall be served via electronic notice from the Court's ECF system for registered users, on this 12th day of June 2020, on the following:

Benjamin Law Firm
1600 Kansas
El Paso, Texas 79902
Tel: (915) 412-5858
Fax: (915) 503-2224
Tex. Bar No. 24048167
Email: brock@brockmorganbenjamin.com

**ATTORNEY FOR PLAINTIFF**
**INDEL FOOD PRODUCTS**

                                                        */s/Kristin Newman*
                                                        Kristin Newman